1   RICHARD R. RUGGIERI, ESQ. (Bar No. 087670)
    Courthouse Square
2   1000 Fourth Street, Suite 785
    San Rafael, CA  94901-3120
3   Tel: 415-457-9382
    Fax: 415-457-9399
4
    Attorneys for plaintiff Brandon James
5   Maxfield, a minor, by and through his
    guardian ad litem, Susan Stansberry
6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10                            OAKLAND DIVISION

11   BRANDON JAMES MAXFIELD, A        )
     MINOR, BY AND THROUGH HIS        )
12   GUARDIAN AD LITEM, SUSAN         )
     STANSBERRY                       )   No.   841636-4
13                                    )
              Plaintiff(s),           )
14                                    )
     vs.                              )
15                                    )   FIRST AMENDED
     BRYCO ARMS, B. L. JENNINGS, INC.,)   COMPLAINT .
16   BRUCE LEE JENNINGS, JANICE KAY   )
     JENNINGS, ANNA LEAH JENNINGS,    )
17   RKB INVESTMENTS, BRUCE LEE       )
     JENNINGS AS TRUSTEE FOR THE      )
18   RHONDA D. JENNINGS CALIFORNIA    )
     TRUST, JANICE KAY JENNINGS AS    )
19   TRUSTEE FOR THE RHONDA D.        )
     JENNINGS CALIFORNIA TRUST,       )
20   BRUCE LEE JENNINGS AS TRUSTEE    )
     FOR THE RHONDA D. JENNINGS       )
21   NEVADA TRUST, JANICE KAY         )
     JENNINGS AS TRUSTEE FOR THE      )
22   RHONDA D. JENNINGS NEVADA        )
     TRUST, BRUCE LEE JENNINGS AS     )
23   TRUSTEE FOR THE KIMBERLY K.      )
     JENNINGS CALIFORNIA TRUST,       )
24   JANICE KAY JENNINGS AS TRUSTEE   )
     FOR THE KIMBERLY K. JENNINGS     )
25   CALIFORNIA TRUST, BRUCE LEE      )
     JENNINGS AS TRUSTEE FOR THE      )
26   KIMBERLY K. JENNINGS NEVADA      )
     TRUST, JANICE KAY JENNINGS AS    )
27

28                                    1

                            FIRST AMENDED COMPLAINT

| | |
|---|---|
| 1 | TRUSTEE FOR THE KIMBERLY K. JENNINGS NEVADA TRUST, BRUCE |
| 2 | LEE JENNINGS AS TRUSTEE FOR THE BRADLEY A. JENNINGS CALIFORNIA |
| 3 | TRUST, JANICE KAY JENNINGS AS TRUSTEE FOR THE BRADLEY A. |
| 4 | JENNINGS CALIFORNIA TRUST, BRUCE LEE JENNINGS AS TRUSTEE |
| 5 | FOR THE BRADLEY A. JENNINGS NEVADA TRUST, JANICE KAY |
| 6 | JENNINGS AS TRUSTEE FOR THE BRADLEY A. JENNINGS NEVADA |
| 7 | TRUST, NSD WEST, INC., NATIONWIDE SPORTS |
| 8 | DISTRIBUTORS, INC., LESLIE EDELMAN, WALTER KROH DBA |
| 9 | WILLITS PAWN, KUNIGUNDA KROH DBA WILLITS PAWN, LARRY |
| 10 | WILLIAM MOREFORD, II, AND DOES 1-300, INCLUSIVE |
| 11 | Defendant(s). |
| 12 | |

13

14      As and for his First Amended Complaint against defendants, and each of them, plaintiff

Brandon James Maxfield, a minor, by and through his guardian ad litem, Susan Stansberry

15 alleges his Causes of Action as follows:

16

## GENERAL ALLEGATIONS

17

18      1. Plaintiff Brandon James Maxfield is a minor residing in the State of California.

19      2. Susan Stansberry is the duly appointed Guardian Ad Litem for Brandon James

Maxfield in this action, and is a resident of the State of California.

20

21      3. On April 6, 1994, 7 year old plaintiff Brandon James Maxfield was rendered

quadriplegic by the accidental discharge of a Jennings/Bryco Model 38 semi-automatic pistol,

22

23 serial no. 265669, commonly referred to as a "Saturday Night Special," which, along with its

packaging, magazines, instructions, warnings, accessories, etc., is hereinafter referred to as "the

24 Jennings/Bryco pistol."

25

26

27

28                   2

1      4. Defendant Larry William Moreford, II, is the individual who was handling the

2  Jennings/Bryco pistol at the time of its accidental discharge, and who resides in Oakland,

3  California.

4      5. Defendant Bruce Lee Jennings is the individual who designed the Jennings/Bryco

5  pistol, and who resides and does business in the State of California.

6      6. Defendants Bryco Arms and B. L. Jennings, Inc. are Nevada corporations that

7  designed, assembled, manufactured, tested, packaged and sold the Jennings/Bryco pistol, and

8  that conduct business in the State of California.

9      7. Defendant Janice Kay Jennings is an individual who was the second wife of

10  defendant Bruce Jennings, and who resides and/or does business in the State of California.

11      8. Defendant Anna Leah Jennings is an individual who was the third wife of defendant

12  Bruce Jennings, and who resides and/or does business in the State of California.

13      9. Rhonda D. Jennings, Kimberly K. Jennings and Bradley A. Jennings are the children

14  and/or stepchildren of defendants Bruce Lee Jennings and Janice Kay Jennings.

15      10. Bruce Lee Jennings and Janice Kay Jennings are the trustees and/or co-trustees of

16  trusts which they established in the names of their children, as the Rhonda D. Jennings

17  California Trust, Kimberly K. Jennings California Trust, Bradley A. Jennings California Trust,

18  Rhonda D. Jennings Nevada Trust, Kimberly K. Jennings Nevada Trust, and Bradley A.

19  Jennings Nevada Trust.

20      11. Defendant RKB Investments is a general partnership, the general partners of which

21  include the Rhonda D. Jennings California Trust, Kimberly K. Jennings California Trust, and

22  Bradley A. Jennings California Trust, and which does business in the State of California.

23      12. Defendants Bryco Arms, B. L. Jennings, Inc., Bruce Lee Jennings, Janice Kay

24  Jennings, Anna Leah Jennings, RKB Investments, Bruce Lee Jennings and Janice Kay Jennings

25  as Trustees for the Rhonda D. Jennings California and Nevada Trusts, Bruce Lee Jennings and

26  Janice Kay Jennings as Trustees for the Kimberly K. Jennings California and Nevada Trusts,

27  and Bruce Lee Jennings and Janice Kay Jennings as Trustees for the Bradley A. Jennings

28                               3

1  California and Nevada Trusts, and each of them, are members of a partnership, joint venture

2  and/or joint enterprise, hereinafter referred to as "JENNINGS FIREARMS," in which they have

3  combined their skills, resources, properties and knowledge, subject to an agreement and

4  community of interest, sharing of profits and losses, and joint right of control, in a common

5  business enterprise, to make and retain profits from the manufacture and sale of low-priced,

6  low-quality firearms, by avoiding the internalization and/or realization of the costs of injuries,

7  lawsuits and products liability obligations otherwise chargeable in economics and law against

8  said profits.

9      13.  JENNINGS FIREARMS is a partnership, joint venture and/or joint enterprise that

10  designed, assembled, manufactured, tested, packaged and sold the Jennings/Bryco pistol, and

11  that conducts business in the State of California.

12      14.  JENNINGS FIREARMS, and defendants Bruce Lee Jennings, Janice Kay Jennings,

13  Anna Leah Jennings, RKB Investments, Bruce Lee Jennings and Janice Kay Jennings as

14  Trustees for the Rhonda D. Jennings California and Nevada Trusts, Bruce Lee Jennings and

15  Janice Kay Jennings as Trustees for the Kimberly K. Jennings California and Nevada Trusts,

16  and Bruce Lee Jennings and Janice Kay Jennings as Trustees for the Bradley A. Jennings

17  California and Nevada Trusts, are persons and entities which, on information and belief,

18  dominated, controlled and used defendants Bryco Arms and B. L. Jennings, Inc. as their alter

19  egos, in their personal and joint interests, as sham corporations, with a unity of interest and

20  ownership, such that no separate personalities existed, and inequity and unfairness would result

21  if said defendants were not held personally and directly responsible for the acts and omissions

22  of said corporate defendants.

23      15.  Defendants NSD West, Inc., Nationwide Sports Distributors, Inc., and Leslie

24  Edelman are corporations and individuals that purchased and sold the Jennings/Bryco pistol at

25  wholesale, and that conduct business in the State of California.

26      16.  Defendant Leslie Edelman, on information and belief, dominated, controlled and

27  used defendants NSD West, Inc. and Nationwide Sports Distributors, Inc. as his alter egos, in

28                                4

1   his personal interests, as sham corporations, with a unity of interest and ownership, such that

2   no separate personalities existed and inequity and unfairness would result if said defendant was

3   not held personally and directly responsible for the acts and omissions of said corporate

4   defendants.

5        17.  Defendants Walter Kroh and Kunigunda Kroh are individuals who sold the

6   Jennings/Bryco pistol at retail, and who reside and conduct business in California under the

7   fictitious name of Willits Pawn.

8        18.  The true names and capacities of defendants Does 1-300, inclusive, are presently

9   unknown to plaintiff, who has therefore sued them by such fictitious names, and prays leave to

10   amend this Complaint to set forth their true names and capacities when these have been finally

11   ascertained.  Plaintiff is informed and believes, and on that basis alleges, that such fictitiously

12   named defendants are legally responsible by reason of their negligent or intentional acts or

13   omissions, strict products liability and otherwise, for the injuries and damages complained of

14   herein, and prays for relief accordingly.

15                         **DAMAGES ALLEGATIONS**

16        19.  As a direct and proximate result of the said conduct and activities of defendants,

17   and each of them, plaintiff has suffered and continues to suffer personal injuries and pain and

18   suffering in excess of the jurisdictional limits of this Court, the full nature and extent of which

19   are presently unknown to plaintiff, who therefore requests leave to amend this complaint to

20   conform to proof at the time of trial.

21        20.  As a further direct and proximate result of the said conduct and activities of

22   defendants, and each of them, plaintiff has incurred, and will continue to incur, medical,

23   surgical and other related expenses, the full nature and extent and amount of which is presently

24   unknown to plaintiff, who therefore requests leave to amend this complaint to conform to proof

25   at the time of trial.

26        21.  As a further direct and proximate result of the said conduct and activities of

27   defendants, and each of them, plaintiff has incurred, and will continue to incur, loss of income,

28                          5

1  loss of wages, loss of earning capacity and other pecuniary losses, the full nature and extent of

2  which are presently unknown to plaintiff, who therefore requests leave to amend this complaint

3  to conform to proof at the time of trial.

4      22.  As a further direct and proximate result of the conduct and activities of defendants,

5  and each of them, plaintiff has incurred, and will continue to incur, such other and further

6  damages as may be proven at trial.

7          **FIRST CAUSE OF ACTION - STRICT PRODUCTS LIABILITY**

8       **AGAINST ALL DEFENDANTS EXCEPT WILLIAM MOREFORD, II**

9          Plaintiff alleges his Cause of Action against all defendants except William Moreford, II,

10  and each of them, as follows:

11      23.  Plaintiff by this reference incorporates and makes a part hereof, as though fully set

12  forth herein at length, paragraphs 1 through 22, inclusive, of this complaint.

13      24.  At all times herein mentioned, defendants engaged in the design, manufacturing,

14  assembling, testing, inspecting, packaging, instructing, warning, labeling, storing, advertising,

15  distributing and selling of firearms, including the Jennings/Bryco pistol, placing them in the

16  stream of interstate commerce, where they were sold for valuable consideration to the ultimate

17  users and consumers thereof.

18      25.  The Jennings/Bryco pistol was dangerous, defective and unsafe, in that it failed to

19  perform as safely as an ordinary consumer would expect when used in an intended or

20  reasonably foreseeable manner, and included in its specific design features various inherent

21  risks of danger which outweighed the benefits of these specific design features, individually

22  and in combination, considering the gravity and likelihood of the dangers, and the financial

23  costs, mechanical feasibility and any adverse consequences of alternate design features,

24  producing foreseeable and unreasonable risks of mistake, accident and injury, without any

25  reasonable margin or allowance for error, including, but not limited to, error as to whether the

26  pistol was loaded or unloaded, and including, but not limited to, each of the following

27  particulars:

28                                  6

1    A.    The market for the pistol consisted of unsophisticated and untrained users.

2    B.    The pistol was sold without safety or operational training.

3    C.    The pistol was sold without proper, safe and/or adequate warnings.

4    D.    The pistol was sold without a trigger lock or device to deter unauthorized use.

5    E.    The pistol was sold without a "chamber loaded indicator" or "slide hold-open" to

6    readily display whether or not the pistol was loaded.

7    F.    The pistol was designed so that the only way to determine whether it was loaded

8    was to manually cycle the slide, and peer into the chamber to determine whether a cartridge

9    was present, while manually holding the slide open.

10    G.    The pistol was designed so that the manual safety had to be moved from the

11    "safe" to the "fire" position before the slide could be manually cycled to see if the pistol was

12    loaded, making the pistol ready to fire.

13    H.    The pistol was designed so that manually cycling the slide could load a cartridge

14    into the chamber, making the pistol ready to fire.

15    I.    The pistol was designed so that manually cycling the slide cocked the firing pin,

16    making the pistol ready to fire.

17    J.    The pistol was designed without an exposed hammer or de-cocking lever that

18    would allow decocking without "firing" the firing pin, which will discharge a loaded pistol.

19    K.    The pistol was designed so that the only way to decock the spring-loaded firing

20    pin was to pull the trigger, which will discharge a loaded pistol.

21    L.    The pistol was designed without a "slide hold-open" or lock to secure the slide

22    in the open position, so that the slide was only open for inspection while manually held open.

23    M.    The pistol was designed with "blow-back" rather than "locked" technology,

24    using a higher tension recoil spring, which made it more difficult to manually hold the slide

25    open to see if the pistol was loaded.

26    N.    The pistol was designed with a small and non-ergonomic slide which made it

27    more difficult to manually grasp and hold the slide open to see if the pistol was loaded.

28                                                7

1   O.   The pistol was designed with closed rather than open slide technology, which

2   provided a greatly reduced aperture through which the user could inspect the chamber to

3   determine whether the pistol was loaded, while manually holding the slide open.

4   P.   The pistol was designed to make the presence of the pistol magazine a critical

5   safety determination, as any check to see if the pistol was loaded required removing the manual

6   safety, cycling the slide, cocking the firing pin, and pulling the trigger, which, if a loaded

7   magazine was present in the pistol, would always discharge the pistol.

8   Q.   The pistol was designed without magazine followers or finger rests which would

9   protrude from the handle of the pistol, making it more difficult to determine whether a

10  magazine was present in the pistol.

11  R.   The pistol was designed and sold with two magazines, without visible markings

12  alerting the user to the presence of a second magazine, increasing the likelihood of an

13  erroneous determination that a magazine was not present in the pistol.

14  S.   The pistol was designed and sold with a chrome colored finish, one chrome

15  colored magazine, and one black colored magazine, such that the black colored magazine in the

16  handle of the chrome colored gun mimicked the appearance of an empty handle, increasing the

17  likelihood of an erroneous determination that a magazine was not present in the pistol.

18  T.   The pistol was designed without a convenient button magazine release, which

19  would provide a mechanical secondary check, increasing the likelihood of an erroneous

20  determination that a magazine was not present in the pistol.

21  26.  Plaintiff was a bystander to the use of the Jennings/Bryco pistol.

22  27.  The Jennings/Bryco pistol was used and handled in a manner that was reasonably

23  foreseeable by defendants and/or virtually certain to occur.

24  28.  Plaintiff was unaware and defendants were aware of the dangerous and defective

25  nature of the Jennings/Bryco pistol.

26  29.  The Jennings/Bryco pistol was defective at the time it was placed on the market.

27

28                                   8

FIRST AMENDED COMPLAINT

1    30.  Defendants knew or reasonably should have known that the Jennings/Bryco pistol

2    would be used without inspection for defects and that no reasonable inspection would disclose

3    the defects inherent therein.

4    31.  As a direct and proximate result of the foregoing, plaintiff has sustained damages

5    as herein alleged.

6    WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

7                      **SECOND CAUSE OF ACTION - NEGLIGENCE**

8                             **AGAINST ALL DEFENDANTS**

9    Plaintiff alleges his Cause of Action against defendants, and each of them, as follows:

10   32.  Plaintiff by this reference incorporates and makes a part hereof, as though fully set

11   forth herein at length, all of the previous allegations of this complaint.

12   33.  At all times herein mentioned defendants owed a duty to abstain from injuring and

13   to exercise due care toward the person, property and rights of plaintiff, as set forth in

14   California Civil Code § 1708, and otherwise.

15   34.  Defendants knew or should have known that their breach of duties owed plaintiff

16   would result in his injuries and damages.

17   35.  Defendants negligently and carelessly acted and/or omitted to act, in the manner

18   and manners hereinabove alleged, at all times failing to exercise reasonable and ordinary care

19   as to plaintiff.

20   36.  As a direct and proximate result of the forgoing, plaintiff suffered damages as

21   herein alleged.

22   WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

23                                    **PRAYER**

24   WHEREFORE, plaintiff prays for judgment against defendants, and each of them,

25   as follows:

26   1.  For general or non-economic damages according to proof;

27   2.  For special or economic damages according to proof;

28                                        9

1    3. For costs of suit and attorneys' fees incurred;

2    4. For pre and post-judgment interest according to law;

3    5. For such other and further relief as the Court may deem just and proper

4  in the circumstances.

5  DATED: January 25, 2002          RICHARD R. RUGGIERI

6

7

8                                  By:_____
                                      Richard R. Ruggieri, Esq.
9                                     Attorneys for plaintiff Brandon James
                                      Maxfield, a minor, by and through his
10                                    guardian ad litem, Susan Stansberry

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                   10

1          **DECLARATION OF SERVICE**

2   I, the undersigned, hereby declare that I am employed at Courthouse Square, 1000 Fourth
    Street, Suite 785, San Rafael, CA  94901-3120; that I am over the age of eighteen and not a
3   party to this cause; and that, on the date set forth below, I served true and correct copies of the
    document to which this declaration is appended, upon the parties to this action.

4   ☒    US MAIL - I placed them in the US Mail today, postage prepaid, addressed as follows:
5
    [ ]    FEDERAL EXPRESS - I made a timely deposit with instructions for overnight delivery
6          to the following individuals:

7   [ ]    HAND DELIVERY - I delivered them personally to the following addresses and/or
           individuals:
8

9   Joseph Hoffman, Esq.                            Fax: 415-461-9681
    Weinberg, Hoffman & Casey
10  900 Larkspur Landing Circle
    Suite 155
11  Larkspur, CA  94939
    (Attorney for defendant Larry William Moreford, II)
12
    Jay Twigg, Esq.                                 Fax: 707-467-9068
13  Attorney At Law
    520-A South State Street
14  Ukiah, CA  95482-4911
    (Attorney for defendant Willits Pawn)
15
    Mike Hewitt, Esq.                               Fax: 714-755-0195
16  Bruinsma & Hewitt
    380 Clinton Avenue, Unit C
17  Costa Mesa, CA  92626
    (Attorney for defendants Bryco Arms, B.L. Jennings, Inc., Bruce Jennings)
18
    Peter Dixon, Esq.                               Fax: 415-434-0882
19  Lewis, D'Amato, et al.
    1 Sansome Street, #1400
20  San Francisco, CA  94104
    (Attorney for defendants Nationwide Sports Distributors, Inc., NSD West, Inc., Leslie Edelman)
21
    Craig A. Livingston, Esq.                       Fax: 415-364-6785
22  Schnader, Harrison, Segal & Lewis LLP
    601 California St. Suite 1200
23  San Francisco, CA  94108-2817
    (Attorney for defendant Anna Leah Jennings)
24
    I declare under penalty of perjury that the foregoing is true and correct. Executed at San
25  Rafael, California.

26
    Dated: 1/30/02
27  _____          _____
                                        Richard R. Ruggieri
28  max1.d29