ENDORSED
FILED
ALAMEDA COUNTY

FEB 07 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

MICHAEL C. HEWITT (SBN- 148678)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda D. Jennings Nevada Trust; Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of the Rhonda D. Jennings California Trust; Janice Jennings as a trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; and RKB Investments

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**OAKLAND DIVISION**

BY FAX

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,<br>Defendants. | **CASE NO.:** 841636-4<br><br>**ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>3:03-cv-1058-J-12mmH |
| NATIONWIDE SPORTS DISTRIBUTORS, INC. and NSC WEST Inc.<br>Cross-Complainants<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100, Inclusive,<br>Cross-Defendants. | |
| BRYCO ARMS, B. L. JENNINGS, INC., BRUCE JENNINGS, JANICE JENNINGS, JANICE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA | |

Filed By Fax & File



25

MICHAEL [illegible] HEWITT [illegible]
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda D. Jennings Nevada Trust; Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of the Rhonda D. Jennings California Trust; Janice Jennings as a trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; and RKB Investments

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

**OAKLAND DIVISION**

BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY
Plaintiff,

vs.

BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,
Defendants.

NATIONWIDE SPORTS DISTRIBUTORS, INC.and NSC WEST Inc.
Cross-Complainants

vs.

BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100, Inclusive,
Cross-Defendants.

BRYCO ARMS, B. L. JENNINGS, INC., BRUCE JENNINGS, JANICE JENNINGS, JANICE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA

**CASE NO.:** 841636-4

**ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

TRUST, JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS CALIFORNIA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS CALIFORNIA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS CALIFORNIA TRUST, AND RKB INVESTMENTS

Cross-Complainants

Vs.

SUSAN STANSBERRY, LARRY WILLIAM MOREFORD, II, NATIONWIDE SPORTS DISTRIBUTORS, Inc. AND NSD WEST, Inc.

Cross-Defendants

---

Defendant, Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust, answering the first amended complaint of plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem,Susan Stansberry, denies generally and specifically, each and every, all and singular, the allegations of said complaint, and each cause of action thereof, and further denies that plaintiff Brandon James Maxfield, a minor, has been damaged in any sum or sums or at all.

WHEREFORE, this answering defendant prays for judgment as hereinafter set forth.

**AFFIRMATIVE DEFENSES**

As a first affirmative defense to each cause of action of the

complaint, plaintiff's action [illegible] assumption of risk because plaintiff voluntarily participated in the activities alleged in the complaint and knew of and appreciated the specific risk which resulted in plaintiff's injury, thereby relieving [illegible] defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the complaint, plaintiff voluntarily encountered the danger, known to him, which is alleged as a basis for the complaint, knew of and appreciated the risks involved, and assumed the risk of said injuries, legally causing or contributing to the damages alleged, and therefore plaintiff's recovery should be reduced by plaintiff's proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the complaint, plaintiff was partially, if not wholly, negligent or otherwise at fault on his own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the complaint, plaintiff, his agents, employees, servants and representatives were partially, if not wholly, negligent or otherwise at fault on their own part pursuant to the doctrine of comparative negligence, and should be barred from recovery of that portion of the damages directly attributable to their proportionate share of the negligence or fault.

As a fifth affirmative defense to each cause of action of the complaint, the damages sustained by plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others for which

[illegible]

As a sixth affirmative defense to each cause of action of the complaint, the complaint does not state facts sufficient to constitute a cause of action against this defendant.

As a seventh affirmative defense to each cause of action of the complaint, the provisions of Civil Code section 1714.4 are applicable to this action, such that in a products liability action, no firearm or ammunition shall be deemed defective in design on the basis that the benefits of the product do not outweigh the risk of injury posed by its potential to cause serious injury, damage or death when discharged. The potential of a firearm or ammunition to cause serious injury, damage, or death when discharged does not make the product defective in design. Furthermore, injuries or damages resulting from the discharge of a firearm or ammunition are not proximately caused by its potential to cause serious injury, damage, or death, but are proximately caused by the actual discharge of the product. As a result, the complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

As an eighth affirmative defense to each cause of action of the complaint, if plaintiff sustained injuries attributable to the use of any product allegedly manufactured and/or distributed by this defendant, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

As a ninth affirmative defense to each cause of action of the complaint, the damages complained of in the complaint were caused in whole or in part by the misuse and abuse of the product.

As a tenth affirmative defense to each cause of action of the complaint, the injuries and damages sustained by plaintiff, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than this answering defendant and without this defendant's knowledge or consent.

As an eleventh affirmative defense to each cause of action of the complaint, plaintiff failed to mitigate his damages.

As a twelfth affirmative defense to each cause of action of the complaint, there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section 430.10(d). Specifically, plaintiff failed to join all parties necessary for final determination of this action.

As a thirteenth affirmative defense to each cause of action of the complaint, the provisions of the "Fair responsibility Act of 1986" (commonly known as Proposition 51, Civil Code sections 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the extent that plaintiff's injuries and damages, if any, were legally caused or contributed to by the negligence or fault of persons or entities other than this answering defendant.

[illegible] action of the complaint, defendant presently has insufficient knowledge or information on which to form a belief as to whether it/he/she may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, this answering defendant prays for judgment as follows:

1. That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan Stansberry take nothing by reason of the complaint on file herein;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

Dated: February 6, 2002

**BRUINSMA & HEWITT**

By: ______________________
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS, INC. BRUCE JENNINGS, JANICE JENNINGS. JANICE JENNINGS AS TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST, JANICE JENNINGS AS TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA TRUST, JANICE JENNINGS AS TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST, JANICE

[illegible] AS TRUSTEE [illegible] THE [illegible] D. JENNINGS CALIFORNIA TRUST, JANICE JENNINGS AS TRUSTEE OF THE KIMBERLY JENNINGS NEVADA TRUST, JANICE JENNINGS AS TRUSTEE OF THE BRADLEY JENNINGS CALIFORNIA TRUST AND RKB INVESTMENTS

MICHAEL C. HEWITT SBN- 1486 [illegible]
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda D. Jennings Nevada Trust; Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of the Rhonda D. Jennings California Trust; Janice Jennings as a trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; and RKB Investments

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE,<br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT |

//

//

//

//

//

RE: MAXFIELD v. BR[illegible] ARMS, ET AL

**PROOF OF SERVICE**

Pursuant to CCP §§ [illegible] and [illegible]

STATE OF CALIFORNIA
ss.
COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is [illegible] Clinton Avenue #C, Costa Mesa, California 92[illegible].

On February 6, 2002 I served the following document(s): **ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE TO THE KIMBERLY K. JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** by placing a true copy in a seal envelope and each envelope was addressed as follows:

**SEE ATTACHED SERVICE LIST**

___ By Facsimile (fax) Machine) by personally transmitting a true copy thereof via an electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.

_X_ (By Mail) I am readily familiar with this office's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This document, which is in an envelope addressed as stated above, will be sealed with postage fully prepaid and will be deposited with the United States Postal Service this date in the ordinary course of business.

_ (Via Federal Express) I am readily familiar with this office's business practice for collection and processing for mailing with Federal Express. This document was placed in the required Federal Express envelope and the required address form was completed and attached to the Federal Express envelope. The Letter/Pak/Box was then delivered in the usual fashion to the Federal Express drop box.

__X (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 2/6/02, at Costa Mesa, California.

Claudia G. Mellado

**MAXFIELD V. BRYCO ARMS, ET AL. SERVICE LIST**
**Updated: February 6, 2002**

| | |
|---|---|
| Richard R. Ruggieri, Esq.<br>1000 Fourth Street,<br>Courthouse Square, Suite 785<br>San Rafael, CA 94901<br>415/457-9399 | Counsel for Plaintiff<br>Maxfield |
| Joseph Hoffman, Esq.<br>Weinberg, Hoffman & Casey<br>900 Larkspur Landing Circle<br>Suite 155<br>Larkspur, CA 94939<br>415/461-9661 ex.102<br>415/461-9681 | Counsel for Defendant<br>Larry William Moreford, II |
| Jay Twigg, Esq.<br>Attorney at Law<br>520-A South State Street<br>Ukiah, CA 95482-4911<br>707/467-9068 | Counsel for Defendant<br>Willits Pawn |
| Peter Dixon, Esq.<br>Lewis, D'Amato, Brisbois & Bisgaard<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>415/362-2580<br>415/434-0882 | Counsel for Defendant<br>Nationwide Sports Distributors, Inc. NSD West, Inc. and Leslie Edelman |
| Craig A. Livingston, Esq.<br>Schnader, Harrison, Segal & Lewis, LLP<br>601 California Street, Suite 1200<br>San Francisco, California 94108-2817<br>415/364-6785 | Counsel for Defendant<br>Anna Leah Jennings |