MICHAEL C. HEWITT (SBN- 148679)
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda D. Jennings Nevada Trust; Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of the Rhonda D. Jennings California Trust; Janice Jennings as a trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; and RKB Investments

ENDORSED
FILED
ALAMEDA COUNTY
FEB 0 7 2002
CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

### OAKLAND DIVISION

**BY FAX**

BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY
       Plaintiff,

vs.

BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MORFORD, II, and DOES 1 Through 100, inclusive,
       Defendants.

NATIONWIDE SPORTS DISTRIBUTORS, INC. and NSC WEST Inc.
       Cross-Complainants

vs.

BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and DOES 1 Through 100, Inclusive,
       Cross-Defendants.

BRYCO ARMS, B. L. JENNINGS, INC., BRUCE JENNINGS, JANICE JENNINGS, JANICE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA

CASE NO.: 841636-4

**ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

3503-CN-1058-9-12mmH

1

MICHAEL J. HEWITT, ESQ...
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda D. Jennings Nevada Trust; Janice Jennings as a trustee of the Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of the Rhonda D. Jennings California Trust; Janice Jennings as a trustee of the Kimberly K. Jennings California Trust; Janice Jennings as a trustee of the Bradley Jennings Nevada Trust; and RKB Investments

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

### OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, a minor, by and through his guardian ad litem, SUSAN STANSBERRY<br>    Plaintiff,<br>vs.<br>BRYCO ARMS; B. L. JENNINGS, Inc., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, and DOES 1 Through 100, inclusive,<br>    Defendants. | CASE NO.: 841636-4<br><br>**ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** |
| NATIONWIDE SPORTS DISTRIBUTORS, INC. and NSC WEST Inc.<br>    Cross-Complainants<br>vs.<br>BRYCO ARMS, B. L. JENNINGS, Inc., BRUCE JENNINGS and MOES 1 Through 100, Inclusive,<br>    Cross-Defendants. | |
| BRYCO ARMS, B. L. JENNINGS, INC., BRUCE JENNINGS, JANICE JENNINGS, JANICE JENNINGS AS A TRUSTEE OF THE RHONDA D. JENNINGS NEVADA TRUST, JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS NEVADA | |

| | |
|---|---|
| 1 | TRUST, JAN R JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST, JANICE JENNINGS |
| 2 | |
| 3 | AS A TRUSTEE OF THE RHONDA L. JENNINGS CALIFORNIA TRUST, |
| 4 | JANICE JENNINGS AS A TRUSTEE OF THE KIMBERLY K. JENNINGS |
| 5 | CALIFORNIA TRUST, JANICE |
| 6 | JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS CALIFORNIA |
| 7 | TRUST, AND RKB INVESTMENTS |
| | Cross-Complainants |
| 8 | |
| 9 | Vs. |
| 10 | SUSAN STANSBERRY, LARRY WILLIAM MOREFORD, II, NATIONWIDE SPORTS |
| 11 | DISTRIBUTORS, Inc. AND NSD |
| 12 | WEST, Inc. |
| | Cross-Defendants |

Defendant, Janice Jennings as a trustee of the Bradley Jennings Nevada Trust, answering the first amended complaint of plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan Stansberry, denies generally and specifically, each and every, all and singular, the allegations of said complaint, and each cause of action thereof, and further denies that plaintiff Brandon James Maxfield, a minor, has been damaged in any sum or sums or at all.

WHEREFORE, this answering defendant prays for judgment as hereinafter set forth.

**AFFIRMATIVE DEFENSES**

As a first affirmative defense to each cause of action of the

complaint, plaintiff's a[...] [...] the [...]
assumption of risk because plaintiff voluntarily participated in the
activities alleged in the complaint and knew of and appreciated the
specific risk which resulted in plaintiff's injury, thereby relieving
defendant of any legal duty to protect plaintiff from that risk.

As a second affirmative defense to each cause of action of the
complaint, plaintiff voluntarily encountered the danger, known to
him, which is alleged as a basis for the complaint, knew of and
appreciated the risks involved, and assumed the risk of said
injuries, legally causing or contributing to the damages alleged, and
therefore plaintiff's recovery should be reduced by plaintiff's
proportional share of the negligence or fault.

As a third affirmative defense to each cause of action of the
complaint, plaintiff was partially, if not wholly, negligent or
otherwise at fault on his own part and should be barred from
recovery of that portion of the damages directly attributable to his
proportionate share of the negligence or fault, pursuant to the
doctrine of comparative negligence.

As a fourth affirmative defense to each cause of action of the
complaint, plaintiff, his agents, employees, servants and
representatives were partially, if not wholly, negligent or otherwise
at fault on their own part pursuant to the doctrine of comparative
negligence, and should be barred from recovery of that portion of the
damages directly attributable to their proportionate share of the
negligence or fault.

As a fifth affirmative defense to each cause of action of the
complaint, the damages sustained by plaintiff, if any, were caused,
in whole or in part, by the negligence or fault of others for which

1  this defendant is not liable as alleged.

2  As a sixth affirmative defense to each cause of action of the
3  complaint, the complaint does not state facts sufficient to
4  constitute a cause of action against this defendant.

5  As a seventh affirmative defense to each cause of action of the
6  complaint, the provisions of Civil Code section 1714.4 are applicable
7  to this action, such that in a products liability action, no firearm
8  or ammunition shall be deemed defective in design on the basis that
9  the benefits of the product do not outweigh the risk of injury posed
10 by its potential to cause serious injury, damage or death when
11 discharged. The potential of a firearm or ammunition to cause serious
12 injury, damage, or death when discharged does not make the product
13 defective in design. Furthermore, injuries or damages resulting from
14 the discharge of a firearm or ammunition are not proximately caused
15 by its potential to cause serious injury, damage, or death, but are
16 proximately caused by the actual discharge of the product. As a
17 result, the complaint does not state facts sufficient to constitute a
18 cause of action against this answering defendant.

19 As an eighth affirmative defense to each cause of action of
20 the complaint, if plaintiff sustained injuries attributable to the
21 use of any product allegedly manufactured and/or distributed by this
22 defendant, which allegations are expressly denied, the injuries were
23 caused in whole or in part by the unreasonable, unforeseeable and
24 inappropriate purpose and/or improper use which was made of the
25 product.

26 As a ninth affirmative defense to each cause of action of
27 the complaint, the damages complained of in the complaint were caused
28 in whole or in part by the misuse and abuse of the product.

As a tenth affirmative defense to each cause of action of
the complaint, the injuries and damages sustained by plaintiff, if
any, were solely and legally caused by the modification, alteration
or change of the product referred to in the complaint and said
modification, alteration or change was performed by persons or
entities other than this answering defendant and without this
defendant's knowledge or consent.

As an eleventh affirmative defense to each cause of action of
the complaint, plaintiff failed to mitigate his damages.

As a twelfth affirmative defense to each cause of action of
the complaint, there is a defect or misjoinder of parties pursuant to
Code of Civil Procedure section 430.10(d). Specifically, plaintiff
failed to join all parties necessary for final determination of this
action.

As a thirteenth affirmative defense to each cause of action
of the complaint, the provisions of the "Fair responsibility Act of
1986" (commonly known as Proposition 51, Civil Code sections 1430,
1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable
to this action to the extent that plaintiff's injuries and damages,
if any, were legally caused or contributed to by the negligence or
fault of persons or entities other than this answering defendant.

As a fourteenth affirmative defense to each cause of action of
the complaint, defendant presently has insufficient knowledge or
information on which to form a belief as to whether it/he/she may
have additional, as yet unstated, defenses available. Defendant
reserves herein the right to assert additional defenses in the event
discovery indicates that they would be appropriate.

Wherefore, this answering defendant prays for judgment as follows:

1. That plaintiff Brandon James Maxfield, a minor, by and through his Guardian ad Litem, Susan Stansberry take nothing by reason of the complaint on file herein;

2. For costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

Dated: February 6, 2002

**BRUINSMA & HEWITT**

By: _____
MICHAEL C. HEWITT, ESQ.
Attorneys for Defendant,
BRYCO ARMS, B. L. JENNINGS,
INC. BRUCE JENNINGS, JANICE
JENNINGS. JANICE JENNINGS AS
TRUSTEE OF THE RHONDA D. JENNINGS
NEVADA TRUST, JANICE JENNINGS AS
TRUSTEE OF THE KIMBERLY K.
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE BRADLEY
JENNINGS NEVADA TRUST, JANICE
JENNINGS AS TRUSTEE OF THE RHONDA
D. JENNINGS CALIFORNIA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
KIMBERLY JENNINGS NEVADA TRUST,
JANICE JENNINGS AS TRUSTEE OF THE
BRADLEY JENNINGS CALIFORNIA TRUST
AND RKB INVESTMENTS

MICHAEL L. HEWITT SBN: 174845
BRUINSMA & HEWITT
FIREARMS LITIGATION ONLY:
380 Clinton St., Unit C
Costa Mesa, CA 92626
(714) 755-0194
(714) 755-0195 (fax)
Attorney for Defendants Bryco Arms; B. L. Jennings, Inc.; Bruce
Jennings; Janice Jennings; Janice Jennings as a trustee of the Rhonda
D. Jennings Nevada Trust; Janice Jennings as a trustee of the
Kimberly K. Jennings Nevada Trust; Janice Jennings as a trustee of
the Bradley Jennings Nevada Trust; Janice Jennings as a trustee of
the Rhonda D. Jennings California Trust; Janice Jennings as a trustee
of the Kimberly K. Jennings California Trust; Janice Jennings as a
trustee of the Bradley Jennings Nevada Trust; and RKB Investments

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

OAKLAND DIVISION

| | |
|---|---|
| BRANDON JAMES MAXFIELD, A, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, SUSAN STANBERRY,<br>Plaintiff,<br><br>vs.<br><br>BRYCO ARMS, B. L. JENNINGS, INC., WILLITS PAWN, LARRY WILLIAM MOREFORD, II, AND DOES 1 THROUGH 100, INCLUSIVE, .<br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No.: No. 841636-4<br><br>PROOF OF SERVICE OF ANSWER BY DEFENDANT JANICE JENNINGS AS A TRUSTEE OF THE BRADLEY JENNINGS NEVADA TRUST TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT |

//
//
//
//
//

1  [Re: MAKEFIELD V. BRITT, AREM, ET AL]

2
                              **PROOF OF SERVICE**
3                     (Pursuant to CCP §§ 1013, 1013a and 2015.5)

4

5  STATE OF CALIFORNIA      )
                            ) ss.
6  COUNTY OF ORANGE         )

7      I am employed in the County of Orange, State of California. I am over the age
   of 18 years and not a party to the within action. My business address is ___
8  Clinton Avenue #C, Costa Mesa, California 92___.

9      On February 6, 2002 I served the following document(s): **ANSWER BY DEFENDANT
   JANICE JENNINGS AS A TRUSTEE TO THE BRADLEY JENNINGS NEVADA TRUST TO PLAINTIFF'S
10 UNVERIFIED FIRST AMENDED COMPLAINT** by placing a true copy in a seal envelope and
   each envelope was addressed as follows:

11                        **SEE ATTACHED SERVICE LIST**

12

13 ___ (By Facsimile [fax] Machine) by personally transmitting a true copy thereof via an
       electronic facsimile machine between the hours of 9:00 a.m. and 5:00 p.m.
14
    X  (By Mail) I am readily familiar with this office's business practice for
15     collection and processing of correspondence for mailing with the United
       States Postal Service. This document, which is in an envelope addressed as
16     stated above, will be sealed with postage fully prepaid and will be deposited
       with the United States Postal Service this date in the ordinary course of
17     business.

18 ___ (Via Federal Express) I am readily familiar with this office's business
       practice for collection and processing for mailing with Federal Express.
19     This document was placed in the required Federal Express envelope and the
       required address form was completed and attached to the Federal Express
20     envelope. The Letter/Pak/Box was then delivered in the usual fashion to the
       Federal Express drop box.
21

22  X  (State) I declare under penalty of perjury under the laws of the State of
       California that the foregoing is true and correct.
23
       Executed on  2-6-02                  , at Costa Mesa, California.
24
                                            _____
25                                          Claudia G. Mellado

## MAXFIELD V. BRYCO ARMS, ET AL. SERVICE LIST
### Updated: February 6, 2002

| | |
|---|---|
| Richard R. Ruggieri, Esq.<br>1000 Fourth Street,<br>Courthouse Square, Suite 785<br>San Rafael, CA 94901<br>415/457-9399 | Counsel for Plaintiff<br>Maxfield |
| Joseph Hoffman, Esq.<br>Weinberg, Hoffman & Casey<br>900 Larkspur Landing Circle<br>Suite 155<br>Larkspur, CA 94939<br>415/461-9661 ex.102<br>415/461-9681 | Counsel for Defendant<br>Larry William Moreford, II |
| Jay Twigg, Esq.<br>Attorney at Law<br>520-A South State Street<br>Ukiah, CA 95482-4911<br>707/467-9068 | Counsel for Defendant<br>Willits Pawn |
| Peter Dixon, Esq.<br>Lewis, D'Amato, Brisbois & Bisgaard<br>One Sansome Street, Suite 1400<br>San Francisco, CA 94104<br>415/362-2580<br>415/434-0882 | Counsel for Defendant<br>Nationwide Sports Distributors, Inc. NSD West, Inc. and Leslie Edelman |
| Craig A. Livingston, Esq.<br>Schnader, Harrison, Segal & Lewis, LLP<br>601 California Street, Suite 1200<br>San Francisco, California 94108-2817<br>415/364-6785 | Counsel for Defendant<br>Anna Leah Jennings |